The question presented upon this appeal is simply one of fact. The only proof in support of the plaintiffs' contention that the defendant was served is the affidavit of the process server to the effect that he served the defendant with a summons on November 17, 1906, at 969 Rogers Place, borough of the Bronx, in this city. In her affidavit the defendant swears that she was not at 969 Rogers Place on the day in question, but that she had moved from that address with her husband on Saturday, September 3, 1906, to 2269 Washington avenue. In this she is corroborated, not only by the affidavit of her husband, but by an affidavit of the real estate agent who rented her the property where she claims she was living on the day the service of the summons is alleged to have been made upon her, and an affidavit of a neighbor, who lives in the house next to the house where the defendant claims she was living on November 17, 1906. Against this proof the plaintiffs offer nothing but the affidavit of the process server.

The fact that the sheriff has levied upon the personal property of the defendant under an execution issued upon the judgment appealed from does not preclude the defendant from having the question as to whether she was ever served with the process determined on appeal. Empire, etc., v. Young, 27 Misc. Rep. 226, 57 N. Y. Supp. 753. The defendant never having been served with process and not having appeared in the court below, the judgment that was entered against her should be reversed.

Judgment reversed, with costs, and complaint dismissed. All concur.

---

### CITY OF AMSTERDAM v. FONDA, J. & G. R. CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

STREET RAILROADS—REPAIR OF STREETS.

> Under Railroad Law, Laws 1890, p. 1112, c. 565, § 98, requiring a railroad company to keep in repair that portion of the street "between its tracks, the rails of its tracks, and two feet in width outside of its tracks," it is required to keep in repair a space two feet outside of each rail.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 100.]

Appeal from Special Term.

Action by the city of Amsterdam against the Fonda, Johnstown & Gloversville Railroad Company. From a judgment for plaintiff (101 N. Y. Supp. 694, 51 Misc. Rep. 438), defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Nisbet & Hanson (Charles S. Nisbet, of counsel), for appellants.
Christopher J. Heffernan, for respondent.

JOHN M. KELLOGG, J. Plaintiff recovered judgment for the cost of paving a public street two feet in width outside of each rail of the defendant's single track. The defendant admitted its liability for the paving of one foot outside of each rail. The decision of this

appeal depends, therefore, entirely upon the proper construction to·
be given to section 98 of the railroad law (Laws 1890, p. 1112, c. 565),
which requires the company to keep in repair that portion of the street
"between its tracks, the rails of its tracks and two feet in width out-
side of its tracks, under the supervision of the proper local authorities,.
and whenever required by them to do so, and in such manner as they
may prescribe."

The ties upon which the defendant's track is laid are eight feet in·
length, and the track is five feet wide, outside measurement. We
may fairly assume that the tie is about the standard length tie for
railroads, and that the object of this section was to require the com-
pany to keep in repair that part of the street which it more particularly
occupies, and which it is liable to disturb in laying, changing, improv-
ing, or altering its tracks. Assuming a track to be about five feet
wide on the outside, two feet each side of this would make the total
width to be repaired by the company nine feet, and in putting in an
eight-foot tie it is very probable that at least nine feet of the roadway
would be disturbed and require attention. The situation, therefore,
fairly seems to indicate that the intention was to cover a space two·
feet outside of each rail, and the language of the statute, requiring
the company to repair that portion of the street two feet in width out-
side of its tracks, seems to indicate that the two feet to be kept in re-
pair is a continuous two feet measured from the track, and not two·
strips, one foot in width, measured from each outside rail. I think the
language of the statute, as well as its evident purpose, shows that the
part of the street to be repaired by the company is two feet in width,.
measured from the outside of each outside rail.

The judgment should therefore be affirmed, with costs. All concur..